IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANK M.,[1]<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of the Social Security Administration,[2]<br><br>    Defendant. | Case No. 3:16-cv-2182-K-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Frank M.'s Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) (ECF No. 22). For the following reasons, the Motion should be GRANTED.

## Background

Attorney Daniel Skaar represented Plaintiff in this case seeking judicial review of a final adverse decision by the Commissioner of the Social Security Administration. On March 1, 2017, the Commissioner filed an unopposed motion to remand the case for further administrative proceedings, Mot. (ECF No. 15), and

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Andrew Saul is now the Commissioner of Social Security and has been automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

five days later, the Court granted the motion and remanded Plaintiff's case to the Commissioner, *see* J. (ECF No. 17). On March 31, 2017, the Court awarded Plaintiff's counsel $9,397.90 in attorney fees under the Equal Access to Justice Act (EAJA). Order (ECF No. 19). The Commissioner ultimately issued favorable decisions to Plaintiff and awarded him a total of $93,268.30 in past due benefits. *See* Mot., Ex. 3, 4 & 5. As noted in the last Notice of Award, the Commissioner withheld $5,481.00 out of Plaintiff's past due benefits for payment of attorney fees.[3] Plaintiff's counsel then filed this motion under 42 U.S.C. §406(b) asking for an award of attorney fees in the amount of $23,317.06, which represents 25% of Plaintiff's past due benefits, pursuant to a contingency fee agreement. Plaintiff's counsel states that, if the Court grants his motion, he will promptly refund the fees previously awarded under the EAJA, as required by law. Mot. 6. The Commissioner filed a response to the Motion, but declined to assert a position on the reasonableness of counsel's request because the Commissioner is not the true party in interest. Resp. 1 (ECF No. 27). Instead, the Commissioner asks the Court to independently determine the reasonableness and timeliness of Plaintiff's request.

## Legal Standards and Analysis

The Court has discretion to award attorney's fees out of the past due benefits recovered by a successful claimant in a social security action. Specifically, § 406(b)

---

[3] The November 1, 2020 Notice of Award states that, "[d]ue to releasing some of the past due benefits in error," the Commissioner withheld only $5,481.00 for payment of attorney fees. *See* Mot., Ex. 5.

2

of the Social Security Act, which governs the award of attorney's fees for representing a claimant in federal court, provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Murkeldove v. Astrue*, 635 F.3d 784, 787-88 (5th Cir. 2011) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 800 (2002)); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). The award under § 406(b) will be offset by any EAJA fees awarded. *Gisbrecht v. Barnhart*, 535 U.S. at 796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but . . . must refun[d] to the claimant the amount of the smaller fee.") (citations and internal quotation marks omitted).

In this case, Plaintiff's counsel seeks a fee award under a contingency fee agreement with Plaintiff. *See* Mot., Ex. 6. The Court must independently review counsel's fee arrangement to assure that it yields a reasonable result in this case. *See Gisbrecht*, 535 U.S. at 807. A contingency fee agreement is unenforceable if it provides for fees in excess of 25% of the past due benefits awarded. *See id.* (citing § 406(b)(1)(A)). Moreover, to prevent windfalls for lawyers, if the sum of benefits

awarded is large compared to the amount of time counsel spent on the case, a downward adjustment is appropriate. *Id.* at 808. The Fifth Circuit has implicitly approved several factors to consider in determining whether a fee award in a social security case under a contingency fee agreement constitutes such a windfall.[4] Those factors include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82 (citing *Brannen v. Barnhart*, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *Gisbrecht*, 535 U.S. at 807 n.17.

Here, the relevant factors weigh in favor of approving Plaintiff's counsel's fee request. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits. *See, e.g.*, *Hartz v. Astrue*, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012); *Charlton v. Astrue*, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their cases to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011). And counsel faced a

---

[4] The reasonableness of attorney's fees awarded pursuant to a fee shifting statute is generally determined by using the lodestar method. *See Jeter v. Astrue*, 622 F.3d 371, 378 (5th Cir. 2010). However, because § 406(b) is not a fee shifting statute, the Supreme Court has explicitly rejected using the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *Id.*; *Gisbrecht*, 535 U.S. at 801-02.

substantial risk of loss in this case, as Plaintiff had been denied benefits at every stage of the administrative process. Second, the requested fee award of $23,317.06 does not exceed 25% of the past due benefits that Plaintiff received. Rather, it appears to represent exactly 25% of the past due benefits Plaintiff received. The value of the case is significant to Plaintiff as he was awarded more than $90,000.00 in past due benefits. Next, the case presented some degree of difficulty as demonstrated by the fact that Plaintiff had been unsuccessful until counsel agreed to represent him in federal court and by the time it took to secure an award of benefits following remand. Finally, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of up to a 25% fee. *Hartz*, 2012 WL 4471846, at *6; *see also Jeter*, 622 F.3d at 381-82. There is no information in the record about counsel's experience, but the undersigned takes judicial notice of the fact that Plaintiff's counsel has successfully represented other social security claimants in this district and division. *See, e.g., Ronda C. v. Berryhill*, No. 3:17-cv-2114-G-BH (N.D. Tex.); *Adrienne W. v. Saul*, No. 3:17-cv-1218-N-BT (N.D. Tex.); *Melanie O. v. Berryhill,* No. 3:16-cv-44-B-BN (N.D. Tex.); *Lorie L. v. Colvin*, No. 3:10-cv-2634-M-BN (N.D. Tex.).

Counsel's effective hourly rate for the work performed in this case is $509.11 ($23,317.06 divided by 45.8 hours expended by counsel on the federal appeal). Counsel does not state what his normal non-contingent rate is, but the undersigned nonetheless concludes that $509.11 per hour is reasonable in this case. *Jovita F. v. Saul*, 2020 WL 3406195, at *2 (N.D. Tex. Mar. 30, 2020), *rec.*

5

*accepted*, 2020 WL 3404153 (N.D. Tex. June 18, 2020) (approving fee request where de facto hourly rate was $650); *Richardson v. Colvin*, 2018 WL 1324951, at *2 (N.D. Tex. Mar. 3, 2018) (same where de facto hourly rate was $937.50, and counsel's standard hourly rate was $375); *Sabourin v. Colvin*, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (same where de facto hourly rate was $1,245.55). In view of all the relevant factors, the undersigned concludes that the requested fee award in the amount of $23,317.06 is reasonable.

The undersigned also concludes that Plaintiff's counsel timely filed his motion for fees. Section 406(b) does not provide a specific time period for filing a request for attorney's fees. But the Fifth Circuit has suggested that a motion for attorney's fees under § 406(b) should be filed within fourteen days of the entry of final judgment, as required by Federal Rule of Civil Procedure 54(d)(2). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006). The court in *Pierce* recognized, however, that when a case is remanded to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a plaintiff to request attorney's fees within fourteen days of the entry of judgment. *Foster v. Astrue*, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6, 2011) (citing *id.*); *Wilcox v. Astrue*, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010). The better course of action is for counsel to file the motion in a timely manner after the award of benefits. *Foster*, 2011 WL 4479087, at *1 (citing *Pierce*, 440 F.3d 657). Here, the Notice of Award necessary to determine past due benefits

6

awarded to Plaintiff is dated November 1, 2020, and the motion was timely filed on November 3, 2020. *See Pierce*, 440 F.3d at 664.

## Recommendation

The Court should GRANT Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) (ECF No. 22) and award attorney Daniel Skaar $23,317.06 in attorney's fees to be certified for payment out of Plaintiff's past due benefits under 42 U.S.C. § 406(b). The Court should further order Plaintiff's counsel to promptly return to Plaintiff the EAJA fee of $9,397.90.

**SIGNED** December 28, 2020.

                                  REBECCA RUTHERFORD
                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).